[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO STRIKE #101
The defendant, Nationwide Insurance Company of America, moves to strike counts two and three of the complaint filed by the plaintiff, Daniel Morelli. For the reasons discussed below, the motion is granted.
On June 24, 2002, the plaintiff filed a six-count complaint against the defendants, Nationwide and Joseph Proud, an independent insurance agent. Count one is brought against both Nationwide and Proud. Counts two (Connecticut Unfair Insurance Practices Act [CUIPA]) and three (Connecticut Unfair Trade Practices Act [CUTPA]) are brought against Nationwide.[1] Counts four, five and six are brought against Proud. The plaintiff alleges that on December 1, 2000, the defendant issued a policy insuring the plaintiff against the theft of his 2000 Composite Harley Davidson Softail Motorcycle. The plaintiff further alleges that while the policy was in effect, the motorcycle was stolen and the defendant has refused to compensate him for the loss. On July 12, 2002, the defendant filed a motion to strike counts two and three of the plaintiff's complaint on the ground that they fail to state a claim upon which relief can be granted. The defendant submitted a memorandum in support of its motion to strike. On October 21, 2002, the plaintiff submitted a memorandum of law in opposition to the motion to strike. The defendant submitted a reply to the plaintiff's objection on October 22, 2002.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "A motion to strike challenges the legal sufficiency of a pleading, and, consequently, requires no factual findings by the trial court." (Internal quotation marks omitted.) Macomber v. TravelersProperty Casualty Corp., 261 Conn. 620, 629, 804 A.2d 180 (2002). "It is fundamental that in determining the sufficiency of a complaint challenged by a defendant's motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as CT Page 2578-fi admitted." (Internal quotation marks omitted.) Gazo v. Stamford,255 Conn. 245, 260, 765 A.2d 505 (2001).
In the present case, the defendant moves to strike count two of the complaint, which alleges that the defendant fraudulently informed the plaintiff that his motorcycle was insured for theft. The plaintiff further alleges that this act constitutes an unfair insurance practice within the meaning of CUIPA, § 38a-816 (8). The defendant argues that count two does not state a claim upon which relief can be granted because CUIPA does not provide for a private cause of action.
"To date, the Connecticut Supreme Court has reserved decision on whether CUIPA authorizes a private right of action . . . This issue, although not addressed by the Connecticut Appellate Court either, has been ruled upon by several superior courts. A number of trial court judges have concluded that CUIPA does provide for a private right of action, but most of the judges considering this issue have concluded to the contrary." Liquore v. Assurance Co. of America, Superior Court, Complex litigation docket at Norwich, Docket No. X04 CV 01 0124151 (March 19, 2002, McLachlan, J.); see also Cortese v. Mutual of Omaha Ins. Co., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. CV 01 0183587 (May 1, 2002, Lewis, J.T.R.); Stevens v. Allstate Ins.Co., Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. CV 00 071957 (January 24, 2002, Sequino, J.); Rowlands v.Commodore Commons Condominium Assn, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. CV 98 063281 (January 13, 1999, Curran, J.). The majority of Superior Court decisions have found "that CUIPA is a regulatory act and remedial in nature . . . Moreover, [CUTPA] expressly provides for a private cause of action under the act; the legislature certainly could have provided such authority under CUIPA if it had so intended." Liquore v. Assurance Co. of America, supra, Superior Court, Docket No. X04 CV 01 0124151; see also Anely v. Allstate Ins.Co., Superior Court, judicial district of Norwalk at Stamford, Docket No. CV 98 0166413 (January 9, 2002, D'Andrea, J.T.R.) (holding that "CUIPA does not expressly provide a plaintiff with a private right of action. However, the Supreme Court has held that a private right of action does exist under CUTPA to enforce unfair insurance practices under CUIPA"). Accordingly, the defendant's motion to strike count two of the plaintiff's complaint is granted because CUIPA does not provide for a private cause of action.
The defendant also moves to strike count three of complaint, which alleges that the defendant violated CUTPA, § 42a-110a et seq., by fraudulently assuring the plaintiff that his motorcycle was covered for theft. The defendant argues that count three is legally insufficient CT Page 2578-fj because it alleges a violation of CUTPA without alleging a violation of CUIPA. The plaintiff argues that he is not relying upon any CUIPA violation as a basis for his CUTPA claim and that the defendant's other actions constitute a CUTPA violation.
The issue in the present case is whether a CUTPA claim involving an insurance company can stand alone or must it be predicated upon a violation of CUIPA. In Mead v. Burns, 199 Conn. 651, 663-66, 509 A.2d 11
(1986), the Supreme Court held that insurance practices are subject to regulations under both CUTPA and CUIPA. The court further held that "it is possible to state a cause of action under CUTPA for a violation of CUIPA . . ." Mead v. Burns, supra, 663. Several Superior Court decisions have concluded that "the [c]ourt in Mead also held that a plaintiff may not maintain a CUTPA action for an insurance practice which does not also constitute a violation of CUIPA." Steiger v. Giordano Associates, Inc., Superior Court, judicial district of New Haven, Docket No. 01 0448867, (February 27, 2002, Thompson, J.) (31 Conn.L.Rptr. 617, 617); see alsoKrassner v. CPM Ins. Services, Inc., Superior Court, judicial district of New Haven, Docket No. CV 01 0456362 (August 8, 2002, Booth, J.) (32 Conn.L.Rptr. 701) ("the Supreme Court [has] stated that the plaintiff [can]not maintain a CUTPA action for an insurance practice which did not constitute a violation of CUIPA"). Accordingly, the defendant's motion to strike count three of the complaint is granted because a CUTPA claim involving an insurer must allege a CUIPA violation.
DUBAY, J.